IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGIN RECORDS AMERICA, INC., *et al.*, § | | |
| § | | |
| Plaintiffs, § | No. 4:07-CV-494 | |
| vs. § | | |
| § | | |
| PAMELA METOYER, § | | |
| § | | |
| Defendant. § | | |
| § | | |

**PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE OF PROCESS AND TO CONTINUE INITIAL PRETRIAL AND SCHEDULING CONFERENCE**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, plaintiffs ask this court approve substituted service of process by attaching a copy of the summons and complaint on defendant Pamela Metoyer's door. Further, pursuant to Rules 6 and 16 of the Federal Rules of Civil Procedure, plaintiffs ask this court to continue for 30 days the scheduling conference set for Wednesday, May 23, 2007. In support of these requests, plaintiffs state as follows:

1. On February 6, 2007, the plaintiffs filed the complaint in this action and had the clerk issue a summons directed to Pamela Metoyer at 8206 Bayou Forest, Houston, Texas. A process server attempted service at this address on March 1, 6, 7, 8, 13, and May 4 and 5, 2007 (See Affidavit, attached hereto as Exhibit A) and was unable to get anyone to answer at the door.

2. Plaintiffs and the process server believe 8206 Bayou Forest, Houston, Texas is a good address for defendant and that defendant is avoiding service. Social Security records, Harris County Voter Registration records, Harris County Tax Assessor records, Texas Department of Transportation records, and U.S. Postal records indicate that the defendant resides at this address.

3. Rule 4 provides that service of process on an individual may be effected "pursuant to the law of the state in which the district court is located." FED. R. CIV. P. 4(e)(1). Accordingly,

service on the defendants may be effected by any method provided for under Texas law. The Texas Rules of Civil Procedure provide:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode *or other place where the defendant can probably be found* and stating specifically the facts showing that service has been attempted . . . at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b) (emphasis added).

4. The affidavit submitted with this motion and investigative research show that the address at 8206 Bayou Forest, Houston, Texas, is a place where the defendant can probably be found and that leaving a copy of the summons and complaint attached to the door of the address above "will be reasonably effective to give the defendant notice of the suit" and will thus satisfy the requirements of rule 106(b). *See, e.g.*, *Nassif v. Bank of America, N.A.*, No. 14-03-00782-CV, 2004 WL 613040, at *1 (Tex. App.—Houston [14th Dist.] Mar. 30, 2004, n.p.h.) ("The trial court's order permitted Bank of America to complete service . . . by attaching the documents to the front door of Nassif's apartment."); *Pao v. Bray Village Homeowners Ass'n*, 905 S.W.3d 35, 38 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding that return stating citation and petition were served on "Ke Nan Pao . . . 'per 106 attached to front door'" complied with court's Rule 106 order).

5. In its Order for Initial Pretrial and Scheduling Conference issued February 7, 2007, this Court set a pretrial scheduling conference for May 23, 2007, and also set the deadline for filing a joint conference report and case management plan—all of which is to occur before the May 23 scheduling conference.

6. Because the plaintiffs have not yet effected service on the defendant, a scheduling conference on May 23 may be unproductive. The plaintiffs suggest that this Court continue the scheduling conference for 30 days, and thereby continue the deadline for filing a joint report noted above, which deadline runs from the date of the conference.

WHEREFORE plaintiffs respectfully request this court to authorize service of process on defendant Pamela Metoyer through the process server attaching a copy of the summons and complaint—with a copy of this court's order—to the front door of the residence at 8206 Bayou Forest, Houston, Texas if no person on whom the plaintiffs may effect proper service answers the door at that residence. Plaintiffs further ask this Court to continue for 30 days the scheduling conference presently set for Wednesday, May 23, 2007, and thereby continue accordingly the deadline for filing a joint report which runs from the date of the pretrial scheduling conference.

Respectfully submitted,

*/s/ Lisa Honey*
Stacy R. Obenhaus
Attorney-In-Charge
State Bar No. 15161570
S.D. Texas No.  11260
Lisa L. Honey
State Bar No. 24048550
S.D. Texas No. 620461
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Tel:  214-999-3000
Fax: 214-999-4667
sobenhaus@gardere.com
lhoney@gardere.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that I have not served the defendant with notice of this motion because the defendant has not yet been served with process in this case.

*/s/ Lisa Honey*
LISA L. HONEY