UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGIN RECORDS AMERICA, INC., *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-494 |
| | § | |
| PAMELA METOYER, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiffs' motion for substituted service of process and to continue the initial pretrial scheduling conference. *See* Dkt. 6. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, which allows service of process under the law of the forum state, plaintiffs have unsuccessfully attempted to serve the defendant personally on several occasions. *See* FED. R. CIV. P. 4(e)(1) (permitting service upon an individual "pursuant to the law of the state in which the district is located"); TEX. R. CIV. P. 106(a)(1) (prescribing the general method of service of process via personal delivery). On account of these difficulties, plaintiffs have moved for substituted service through the posting of process on defendant's door, as allowed under Texas Rule 106(b), in order to obtain personal jurisdiction over the defendant. However, because the plaintiffs have not strictly complied with the requirements of Rule 106(b), their motion for substituted service is DENIED WITHOUT PREJUDICE to refiling. And to permit compliance with Rule 106(b), plaintiffs' motion to continue the initial pretrial scheduling conference is GRANTED. That conference, currently set for May 23, 2007, is continued to Wednesday, June 27, 2007, at 10 a.m. The court's reasons for its decision are enumerated below.

## I. MOTION FOR SUBSTITUTED SERVICE

Rule 106 of the Texas Rules of Civil Procedure provides in pertinent part:

(b) Upon motion *supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found* and stating specifically the facts showing that service has been attempted . . . at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b) (emphasis added).

Where "in personam jurisdiction is based upon substituted service, the record must affirmatively show strict compliance with the statute authorizing such service." *See Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 758 (Tex. App.–Dallas 1986, no writ) (citations omitted). Otherwise, when the record does not reflect strict compliance, service and the return of the citation renders the attempted service of process void and invalid. *See id.*

In the instant case, plaintiffs argue that they have strictly complied with all of the requirements of Rule 106(b) and that their motion for substituted service should be granted. With regard to two of the requirements under the Rule, the court agrees that the affidavit submitted with plaintiff's motion specifically and effectively discloses attempts to serve process in person, and that service by attaching process to defendant's door would comply with Rule 106(b). *Cf. Lewis v. Ramirez*, 49 S.W.3d 561, 565 (Tex. App.–Corpus Christi 2001, no pet.) (holding a conclusory statement of "numerous attempts" made to effect service of process to be lack sufficient particularity under Rule 106(b)); *Pao v. Brays Vill. E. Homeowners Ass'n, Inc.*, 905 S.W.2d 35, 38 (Tex.

2

App.–Houston [1st Dist.] 1995, no writ) (sanctioning a trial court's order allowing service to be effected by attaching process "to the entry door"). However, the court has not been presented with evidence that 8206 Bayou Forest, Houston, TX 77088, is a place where defendant can probably be found. In *Garrels*, the court held that "before the trial judge orders substituted service under [R]ule 106, there must be evidence *of probative value* that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or *other place where the defendant can probably be found*." *Garrels*, 706 S.W.2d at 759 (emphases added) (citing *Smith v. Commercial Equipment Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984) ("The settled rule in this state is that the manner of service must strictly comply with the rules")). And while plaintiffs' motion stated that the Bayou Forest address was a place the defendant could probably be found, an unsworn motion, unlike an affidavit, does not constitute evidence of probative value. *Id.* Accordingly, the court concludes that the affidavit does not state with sufficient particularity that the address listed is one "other place where the defendant can probably be found," *see* TEX. R. CIV. P. 106(b), and consequently the court has not been presented with probative evidence justifying substituted service. *See Garrels*, 706 S.W.2d at 759; *see also Light v. Verrips*, 580 S.W.2d 157, 159 (Tex. App.–Houston [1st Dist.] 1979, no writ). As a result, the plaintiffs' motion for substituted service will be denied without prejudice.

## II. MOTION TO CONTINUE THE PRETRIAL SCHEDULING CONFERENCE

Given that the court's order denies the motion for substituted service, the plaintiffs should be given the opportunity to properly effect service before the upcoming pretrial conference. Thus, the pretrial scheduling conference that is now set for May 23, 2007, is continued to June 27, 2007, at 10 a.m. The related deadline for submission of a joint conference report and joint discovery/case management plan is reset in accordance with the time limits in this court's Order for Initial Pretrial

and Scheduling Conference and Order to Disclose Interested Parties.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion for substituted service is DENIED WITHOUT PREJUDICE. Plaintiffs' motion to continue the pretrial scheduling conference is GRANTED, and the conference is continued to June 27, 2007, at 10 a.m.

It is so ORDERED.

Signed at Houston, Texas on May 22, 2007.

_____
Gray H. Miller
United States District Judge