UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGIN RECORDS AMERICA, INC., *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-494 |
| | § | |
| PAMELA METOYER, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiffs' amended motion for substituted service of process. Dkt. 8. Although the plaintiffs have already moved for substituted service, *see* Dkt. 6, the court denied that motion because plaintiffs did not strictly comply with Texas Rule of Civil Procedure 106(b). *Cf. Smith v. Commercial Equipment Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984) ("The settled rule in this state is that the manner of service must strictly comply with the rules."). And although the court has previously recited that rule, the court finds it necessary to recite it once again. Rule 106(b) reads in pertinent part:

> Upon motion *supported by* **affidavit** *stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found* and stating specifically the facts showing that service has been attempted . . . at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b) (emphases added).

Specifically, the plaintiffs did not submit an affidavit that recited the necessary phrases that the listed

address was indeed "'the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found.'" *See* Dkt. 7 (quoting Tex. R. Civ. P. 106(b)). The court even quoted an opinion from the Dallas Court of Appeals as follows: "'[B]efore the trial judge orders substituted service under [R]ule 106, there must be evidence *of probative value* that the location stated in the **affidavit** is the defendant's usual place of business or usual place of abode or *other place where the defendant can probably be found*.'" *Id.* at 3 (quoting *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.–Dallas 1986, no writ) (emphases added)).

Where "in personam jurisdiction is based upon substituted service, the record must affirmatively show strict compliance with the statute authorizing such service." *See Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 758 (Tex. App.–Dallas 1986, no writ) (citations omitted). Otherwise, when the record does not reflect strict compliance, service and the return of the citation renders the attempted service of process void and invalid. *See id.* Furthermore, the Texas Supreme Court has unequivocally held that "substitute service is not authorized under Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Here, the plaintiffs' amended motion for substituted service, rather than complying with the plain language of Rule 106(b), purports to attach the necessary supporting documentation in the form of an unsworn declaration. *See* Dkt. 8, Ex. B. However, Rule 106(b) clearly requires the necessary recitations to be included in an affidavit, not a declaration. TEX. R. CIV. P. 106(b). Under Texas law, which governs service of process under Federal Rule of Civil Procedure 4(e)(1),[1] an affidavit

---

[1] The court is aware that federal law permits the interchangeability of an unsworn declaration and an affidavit. *See* 28 U.S.C. § 1746. That statute, though, only permits the use of declarations in lieu of affidavits when any matter is permitted to be supported by an affidavit

2

and declaration are distinct species of documentary evidence. A declaration is a written, unsworn document that attests that the matter is true under penalty of perjury. *See, e.g.*, 28 U.S.C. § 1746. By contrast, an affidavit under Texas law is defined as a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and offically certified to by the officer under his seal of office." *See* TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998). Clearly then, an affidavit must be sworn to or affirmed by a third party, and this third party must certify that the maker so swore to or affirmed the statement at issue. *Id.*

The certification by the third party is known as the "jurat." *See Guinn v. Bosque County*, 58 S.W.3d 194, 198 (Tex. App.–Waco 2001, pet. denied); *Huckin v. Connor*, 928 S.W.2d 180, 183 (Tex. App.–Houston [14th Dist.] 1996, writ denied). If the statement attested to lacks a jurat, the statement is not an "affidavit." *See Coastal Cement Sand, Inc. v. First Interstate Credit Alliance, Inc.*, 956 S.W.2d 562, 567 (Tex. App–Houston [14th Dist.] 1997, pet. denied).

In this case, plaintiffs provided an unsworn declaration which lacks a jurat although it does comply with federal law. This declaration is not an affidavit as contemplated by Texas Rule of Civil Procedure 166(b). Accordingly, the plaintiffs' amended motion for substituted service is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on May 29, 2007.

_____
Gray H. Miller
United States District Judge

---

"under any law of the United States." *Id.* This statute is inapplicable as the plaintiffs in this case are seeking substituted service under Texas procedural law, not the service provisions of federal law. *See* Fed. R. Civ. P. 4(e)(1). Thus, Texas law governs in judging whether plaintiff has made a proper showing of necessity for substituted service.